Good morning, Your Honors. My name is Monica Sud-Devraj, and I'm the counsel for Jose Polanco, the petitioner in this case. We're asking this Court to review the decision of the BIA upholding the denial of Mr. Polanco's application for a 212c relief before the Immigration Court. I believe there's two issues in this case, the first being the Res Judicata issue, which was briefed by the parties upon request from this Court, and the jurisdiction issue, and whether the Court has jurisdiction to review the denial by the BIA. It's our position that there is no issue of Res Judicata in this case because, for the following reasons, and I'm going to refer to the first petition for review that was filed as Polanco 1, as referred to by a government attorney. In Polanco 1, the petitioner filed a petition for review based on the denial of 212c relief. At that point, this Court asked for briefs on an order to show cause why the case shouldn't be dismissed because the petitioner was, in fact, an aggravated felon, and whether or not the Court had jurisdiction to hear that case. Both parties submitted briefs on the issue, the sole issue of whether or not this Court had jurisdiction to hear the case based on the criminal nature of his offense. At that point, this Court had no jurisdiction because it was a discretionary appeal. We believe that since that it was an inadvertent oversight, because the question that was asked on the order to show cause was whether or not the Court had jurisdiction because of the criminal nature of his offense. No, neither party briefed the issue of whether or not the Court had jurisdiction to review a denial of a discretionary appeal or a discretionary appeal of a denial. The second issue in this case, then, is whether or not, under the real ID, since a habeas petition was filed, whether this Court now has jurisdiction. And we submit that they do have jurisdiction to hear this case because a legal issue has been presented to the Court, namely, whether or not the immigration judge used an incorrect or an improper legal standard in denying Mr. Polanco's application for 212c relief. Mr. Polanco had been convicted of the offense, sexual abuse of a minor, back in 1989. At that time, he was not deportable for his offense. He became deportable with the passage of IRR and AEDPA. He was then put in for deportation proceedings or removal proceedings and charged as an aggravated felon. Mr. Polanco applied for 212c relief. And let me step back. At the time of his plea in 1989, he pled in the Arizona court, based on Alford v. North Carolina, that he took the guilty plea and accepted the consequences, and as he testified to before the immigration judge, for the purpose of making for the purpose of helping his family, for not extending the matter, for not creating any more conflict within his own family. Is an Alford plea any different than a NOLO? Is it different than a NOLO? I believe it is. Under the Alford plea, they just Both result in a judgment of conviction. But one Both result in a finding of guilt. But one, in the Alford plea, one does not accept the rest. It's a finding of guilt, but they don't accept culpability as far as I admit I did the offense. In the NOLO, they simply plead guilty. We believe My understanding of an Alford plea is this, correct me if I'm wrong. The defendant says, I think I'm innocent, but I believe if I proceeded to trial, I would be convicted. So to avoid that consequence, I enter a plea under Alford v. North Carolina. Have I stated it correctly? Correct. And it would be no different than a NOLO, then, Your Honor. In the NOLO plea, you simply say, I choose not to contest the allegations against me. You choose not to contest, but you're not saying I'm not innocent. And in Alford, I believe you're saying, I am innocent, but I'm not, I'm, I'm, the difference being you're not saying I'm not innocent. And in Alford, you are saying, I am innocent, but I'm going to go ahead and accept the sentence or the judgment of the court and go forward. Still a conviction. Still a conviction. And we're not contesting the fact that he was convicted. What we're contesting is the fact that the immigration judge failed to give proper weight or consideration or failed to do the right thing. Now, isn't a failure to give proper weight a, you know, maybe a misapplication of his discretionary authority? No, Your Honor, because he applied the wrong legal standard. By denying, by not considering. What wrong legal standard did he apply? He, what he stated was that they were, that Mr. Polanco had all the necessary equities, but because he failed to accept responsibility as he had done in the State proceedings, he was going to deny. Well, what can't that mean that, you know, I don't agree with an Alford plea? I'm sorry, I don't understand? I say when the immigration judge says that, isn't it just another way of saying I don't agree with an Alford plea? That's not for him. As far as I'm concerned, he's saying a person who pleads, you know, who takes an Alford plea is admitting his guilt, and he should fess up to it. Isn't that all he's saying? That may be what he's saying, but that's not for his – it's not for him to make that decision. Well, why is that an abuse of discretion, if he says, you know, I don't agree with this Alford plea business? Because he's not supposed to – he's not relitigating the case. He's simply looking at the nature of the condition. No, he's weighing the equities. And we found that the unusual that Mr. Polanco had. The question is, why has that become a question of law, as opposed to an exercise of discretion? What's the mistake that he made that should be corrected, the legal mistake? The legal mistake is, in his decision, he indicated that the respondent – that Mr. Polanco, the Petitioner in this case, accepted responsibility in the State criminal conviction, but an immigration court failed to accept responsibility. By saying that, he failed – the immigration judge failed to account for the Alford plea. He simply accepted it as a straightforward guilty plea. Can you point to any specific language in his decision, depending on? I believe it's in the excerpts of record, Your Honor, at the end of the immigration judge's decision. He does indicate that the respondent finally had all the necessary evidence for not demanding equities, but because he failed to accept responsibility for his actions in immigration court, when he had done so in criminal court, he was not going to grant him the requested relief. And that is in the last paragraph of the immigration judge's decision. The last paragraph? Correct. In any event, the Court is concluding that it is a matter of discretion, it will deny relief? The paragraph prior to that, Your Honor. So it's our position, Your Honor, that he says when questioned about why – I guess it means an immigration court – when questioned about why he would deny it, he said he would simply not admit something he did not do. Well, that's the point. I mean, all the immigration judge is saying is, you know, from the record, I believe he did it and he should admit that he did it. I don't believe in the Alford plea, at least in this case. Isn't that what the immigration judge is saying? But that's not – our position is that's not for the immigration judge to say that. His decision – It's an exercise of discretion. Whether or not he would be then accepting an Alford plea or not accepting an Alford plea, and that's not within this court's – It's not a matter of accepting the Alford plea. It's weighing what the Alford plea means. It's not weighing. It's a matter of accepting the Alford plea and whether or not he would accept that the Respondent, in fact, took the Alford plea. Let me return to the question of the impact of an Alford plea. In some states – some states draw a distinction for collateral estoppel purposes between an Alford plea and a judgment of conviction. Can you tell me what Arizona does? Your Honor, I do not know the answer to that question. I would note that, as Mr. Polanco testified at the immigration hearing, he did testify that the state court judge said we do not accept Alford pleas here in the State of Arizona, and because of the nature of your offense and the facts surrounding it, I would accept an Alford plea in your particular case. Do you want to save a little time for rebuttal? Please, Your Honor. Thank you. We'll hear from the government at this time. Counsel. Good morning. I'm Cynthia Parsons for the Attorney General. Good morning. First, the Court lacks jurisdiction to review this case. First, the petition presents no constitutional or statutory issues for this Court to decide. Well, I didn't say the law didn't say statutory. The law says legal. Legal. But under this Court's analysis and also under Real ID, a legal issue is an issue of statutory construction, and that was decided by this Court in Ramadan. It went through to decide to say an only statutory construction? No. Not construing prior precedents? No, it doesn't. I don't think it says that. No, it doesn't. But it does say that a legal issue is an issue of statutory construction. There was a, you know, because that case involves statutory construction. Okay. This case involves construction of a, you know, of a Supreme Court case. This case does not involve any statutory construction. It's purely the law. I didn't tell you that. I said it involves construction of a Supreme Court opinion. That's a question of law. Not in this case, no. The issue presented before this Court is purely whether the IJ abused his discretion in denying a 212C application. There is the question slightly differently. Let's assume that the IJ said, I'm going that the statute prohibits me from exercising my discretion in this manner, and therefore, I'm not going to do it. If the IJ had said that hypothetically, even if the IJ categorized it as a discretionary decision, you'd have to agree that we do have jurisdiction over that question, wouldn't you? Yes. If there is an issue of statutory construction or an issue of law, even combined with a discretionary application, yes, this Court has decided that it has jurisdiction over those. Suppose the IJ says in a case, look, I don't agree with St. Sir, I'm not going to apply it. That's true, Your Honor, and that's a question of law. That would be, yes, Your Honor, that would be, I apologize. It doesn't involve statutory construction, does it? That is an issue of statutory construction, but we don't have an issue of sancire in this case, because the Petitioner ---- It involves an issue of construing a Supreme Court opinion. That's a question of law. But the IJ in this case did not do anything that would bring sancire into it. He was allowed to apply for 212C. If he had said, no, because of the passage of Real ID and EDPA, you may not now apply for 212C, then we would have ---- I'm not saying it involves St. Sir. I'm saying it's a similar type of issue. In other words, Alford is a Supreme Court case just like St. Sir is a Supreme Court case. That's all I'm saying. That is correct. They are both Supreme Court cases. However, this is an issue of discretion. Well, no, see, then we're getting back then to my prior question. If, and again, I say hypothetically because you, you know, one can read the IJ's decision in a way that says, well, I just don't think he accepted responsibility. Or if you read it the way the Petitioner does, you can say, no, he misinterpreted a Supreme Court case. Now, if in the exercise of discretion, if an IJ simply gets the law wrong, that's got to be reviewable. I mean, you can argue whether the IJ did or not, but you'd have to concede we have jurisdiction to consider that question. Hypothetically speaking, but that's not what happened in this case. Right. But we always have jurisdiction to determine our jurisdiction. So. That is correct, Your Honor. However, in this case, that didn't happen. What happened was that the judge simply found that under the facts, the Petitioner did not warrant a favorable exercise of discretion. One of those factors was that he did not appear to be accepting responsibility, but that was not the only factor. If you read the IJ's opinion, you find that he also noted the very young age of the victim. He noted the fact that he, the Petitioner admitted that the victim did not entirely make up the story. He admitted that he, in fact, had crawled in bed to her, with her. He admitted that his own doctors had pointed out that he was in denial. It was not a matter of whether or not the nature of the Alford plea in and of itself is determinative of what the immigration judge should have done. This is what the Petitioner wants you to think. However, I think, just speaking about jurisdiction alone, would you agree that we should say we have jurisdiction over a claim that a legal, that the IJ improperly applied case law? You would have a jurisdiction over a claim that an IJ improperly applied case law. However. Right. So we have jurisdiction over the claim. One question at a time. So if we have jurisdiction over that claim, we can say, well, no, the IJ didn't improperly apply case law. Or we could say the application of case law didn't have anything to do with the exercise of discretion on the basis of the record, and therefore, we're going to dismiss it. We could do either of those. You could do either of those. However, in this case, because if you want to look at the evidence, if we want to just jump to the abuse of discretion issue and just look at the evidence, if you're looking at the evidence, well, you could look at it either way. If it can go either way, then it doesn't compel a contrary result. In which case, you have to uphold the exercise of discretion, assuming that you have jurisdiction to do that in the first instance. Our argument is that for several reasons, you do not. And one of them is that this is not a question of law. This is a question of discretion. And, for example, in Ramadan, when they said, well, a question of law can be an issue of statutory construction, then you look at a Freedy. And in that case, they were presented with an issue of statutory construction. The government didn't initially go along with that. They were arguing something we were arguing something different. But you had a term in the statute, particularly serious crime, that the court was being asked to interpret. In this case, what part of the immigration statute are we being asked to interpret? None. The, I mean, no term. Breyer. As she was pointing out, the real ID says question of law. Pardon? The real ID act talks about questions of law, not questions of statutory interpretation. That's true. However, in this case, not being asked to do that, even Petitioner's own question to this Court is whether or not the Petitioner abused his discretion. And this Court has already determined in Palenco No. 1, the first PFR, that this was an issue committed to the discretion of the Attorney General. That is the reason the Court dismissed the PFR 1 in Palenco. They, there was no administrative error on behalf of this Court. The PFR 1 in Palenco Estrada was filed with virtually the identical issue, did the immigration judge abuse his discretion in denying the 212C. This Court, the government filed a motion to dismiss based on lack of jurisdiction because of an aggravated felony. This Court, however, did not grant that motion. This Court dismissed the petition for lack of jurisdiction based on being asked to review a discretionary decision of the immigration judge and dismissed the government's motion as moot. Therefore, this Court's already decided that that was an issue committed to the discretion of the Attorney General. Well, as I recall, though, isn't it true that this precise question was not presented in the petition for review? Which precise question? Well, the question of whether or not the I.J. misapplied the law in exercising his discretion. No. The question was, did he abuse his discretion? Right. And so we said that was presented, and they said, no, we're not, there's no question here about that would call us to interpret the law. And, of course, we were under the transitional rules at that point, so it wouldn't make any difference. In this case, however, you're being asked, did the immigration judge abuse his discretion? We're being asked the same thing, and it's still a discretionary determination of the Attorney General. It's still beyond your scope of review. It's still something over which you have no jurisdiction because it's discretionary, because you've already decided it, and because it's not a pure issue of law for those three reasons. But, as I said, even if this Court had jurisdiction, and even if you can look at the I.J.'s decision, and in your opinion, it can go either way, unfortunately, under the law even of this circuit, if it can go either way, the evidence does not And if it doesn't compel a contrary result, you have to defer to the immigration judge. You might be focusing on the wrong aspect, because, you know, at least in many other contexts, the way our jurisprudence defines abuse of discretion is, one, the exercise of discretion is based on the clearly erroneous finding of fact, or, two, is based on the application of the wrong law. So the exercise of discretion in itself, you know, involves an interpretation of a question of law. And our case law says that if the agency, wherever it is, bases the exercise of discretion on an erroneous interpretation of the law, that's an abuse of discretion. And I think, isn't that the Petitioner's contention here, that the I.J. based his exercise of discretion on the wrong understanding of what the law was? That is part of what they're saying. But what they're saying is that he abused his discretion. And But also, I mean, not to interrupt, I will, though, but to follow up on Judge Sessions' question, because I think we're asking the same, along the same, I think along the same lines. In the normal event, we wouldn't just say, well, we're going to reweigh the factors. We don't do that. That would be improper. But on the other hand, we could say, if you got the law wrong, we're going to remand it, and you're going to have to reweigh the factors under the right legal interpretation. And that would be our function. But the Petitioner has not pointed out anywhere where the I.J. had the law wrong. Well, no, that's the thing. You disagree with their argument, but that's their claim, is that he got the ---- he got the I.J. wrong, and that's what Alford meant. That's true, but that is part of what they're saying. But that's not the end-all of what the immigration judge did, even assuming that he ---- based on wrong interpretation of the law. And yet, if you read the immigration judge's decision, he clearly understood what the Alford plea meant. What the immigration judge was saying is based on the total facts and circumstances, which the immigration judge ---- this Court has told the immigration judges, the BIA, they have to look at the whole circumstances, he doesn't want a favor exercise of discretion. One aspect of that is perhaps a lack of accepting responsibility. But other aspects of it are reviewing all the other facts and circumstances, which this immigration judge did. What the Petitioner is trying to get this Court to do, and what the government is not trying to do, is have the Court focus only on the nature of the Alford plea. The nature of the Alford plea is the end-all of everything. If the court, the immigration judge, did not correctly interpret the Alford plea, then all bets are off. By the same token, we are not going to say, well, he did correctly interpret the Alford plea, therefore, all bets are not off. It's a combined approach. And I am out of time. Roberts. Actually, you've exceeded your time by 2 minutes and 12 seconds, but thank you for your argument. Rebuttal. Thank you. Bottom line is, the judge did get the law wrong. And I would point to the excerpts of record on page 110. The immigration judge did state in the second whole paragraph on that page, the respondent has established unusual outstanding equities. The only remaining question is whether he's worthy of a grant. Then he goes forth in the next paragraph to say that he would not exercise his discretion, particularly in light of the respondent's denial of any criminal culpability in his case. Clearly, the immigration judge got the law wrong. He didn't understand the nature of the Alford plea. He then What did he understand? There was a denial. I'm sorry? What did he not understand, the immigration judge? Well, it goes forward. There was a denial. Well, it goes forward. That's what an Alford plea is. Correct. But it goes forward. So when questioned why, and it goes on to page 111, he would deny. He said that he simply would not admit something he did not do. Then the immigration judge says something he did apparently under oath in Phoenix criminal court. Clearly, that's wrong, because the Petitioner never admitted under oath any culpability. He maintained his innocence under the Alford plea and accepted responsibility and the sentence that followed. Thank you. Okay. Thank you both for your arguments today. The case just argued will be submitted and will proceed.
judges: Hawkins, Tashima, Thomas